WEBSTER, J.,
concurring.
I agree completely with the analyses employed, and the results reached, in *931 Judge Wolfs opinion. I write only to draw attention to what appears to be a trend in criminal prosecutions — the desire by prosecuting attorneys to obtain a conviction at any cost, regardless of the means necessary to do so.
It is apparent from the transcript of the trial that the prosecutor deliberately sought to plant in the minds of the jury the impression that appellant had previously been arrested, even though the prosecutor knew that was not the case. Rather than assisting the trial court to do the legally correct thing, the prosecutor convinced the trial court to commit the error because of which we are constrained to reverse appellant’s conviction. Had the prosecutor, instead, agreed either not to play that portion of the videotape to the jury or to permit appellant to testify that he had not, in fact, previously been arrested, this case would not have to be retried.
The type of gamesmanship in which the prosecutor engaged is antithetical to his duty as an officer of the court. It is, in addition, antithetical to his responsibility as a prosecutor. In our system of justice, procuring convictions is not the principal responsibility of prosecuting attorneys; rather, their principal responsibility is to ensure that justice is done, regardless of the outcome in any particular case. See, e.g., Newton v. State, 178 So.2d 341, 344 (Fla. 2d DCA 1965). In this sense, prosecuting attorneys are the holders of a great public trust. They are charged with defending and preserving the constitutions of this state and of the United States, including that portion of each which affords to one accused of a crime the right to due process of law — that the game is played according to the rules, so to speak. Unfortunately, because the prosecutor here lost sight of these principles, we are constrained to reverse appellant’s conviction, and to remand the case for a new trial.